# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHARLES CAMPBELL,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0470** (BOR Appeal No. 2053630)
(Claim No. 2014021769)

**DEBRICH, LLC/DUSTER TRUCKING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Campbell, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Debrich, LLC/Duster Trucking, by Counsel Daniel G. Murdock, filed a timely response.

The issues on appeal are permanent partial disability and medical benefits. The claims administrator granted a 4% permanent partial disability award on May 19, 2016. In three separate decisions dated March 27, 2018, the claims administrator denied a request for aquatic therapy, denied a request for a trial spinal cord stimulator, and denied a request for a comprehensive evaluation as well as a second opinion regarding a neurostimulator. On May 3, 2018, the claims administrator denied a request for a lumbar sympathetic block. The Office of Judges affirmed the decisions in its November 16, 2018, Order. The Order was affirmed by the Board of Review on April 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Campbell, a truck driver, was injured in the course of his employment on January 24, 2014. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Campbell injured his left ankle when he stepped on a lump of coal at a river dock. The physician's section was completed by Huy Nguyen, M.D., who listed the diagnosis as left ankle fracture. The claim was held compensable for lateral malleolus fracture on January 31, 2014.

1

A left ankle MRI, performed on August 27, 2014, showed an old fracture of the distal fibula but no evidence of acute fracture or disruption of tendons or ligaments. Mr. Campbell underwent a 3-phase bone scan which showed results consistent with a left ankle fracture on March 6, 2015. There was no evidence of complex regional pain syndrome.

On April 11, 2016, ChuanFang Jin, M.D., performed an independent medical evaluation in which she diagnosed distal fibular fracture with nonunion and chronic pain syndrome. Dr. Jin opined that Mr. Campbell had reached maximum medical improvement. She asserted that the only treatment that would provide long-term benefits was exercise. Dr. Jin assessed 4% left ankle impairment. The claims administrator granted a 4% permanent partial disability award on May 19, 2016.

Timothy Deer, M.D., completed a diagnosis update on September 26, 2016, in which he requested the addition of causalgia of the lower limb to the claim. He also requested authorization of a trial spinal cord stimulator. He noted that Mr. Campbell had localized muscle atrophy, abnormal color and pigmentation, abnormal temperature, abnormal hair growth, and coldness in the lower left leg. On January 2, 2018, Dr. Deer diagnosed complex regional pain syndrome type II.

On July 7, 2017, the Office of Judges authorized a referral to a neurologist, affirmed a denial of a left lumbar sympathetic plexus block, added complex regional pain syndrome to the claim, denied authorization for a psychological evaluation for a spinal cord stimulator, and denied authorization of a 3-phase bone scan.

Prasadarao Mukkamala, M.D., performed an independent medication evaluation on August 29, 2017, in which he diagnosed left distal fibula fracture and found that Mr. Campbell had reached maximum medical improvement. He assessed 4% impairment and opined that there was no evidence of complex regional pain syndrome.

On January 17, 2018, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed history of left lateral malleolus fracture and chronic regional pain syndrome. Dr. Guberman found that Mr. Campbell had reached maximum medical improvement and assessed 2% impairment due to nerve damage and 9% due to range of motion restrictions. His combined total impairment rating was 11%.

Mr. Campbell was treated by Wilfrido Tolentino, PA-C, who diagnosed left lower extremity complex regional pain syndrome type II on January 24, 2018. On February 12, 2018, Mr. Campbell treated with Samrina Hanif, M.D., who diagnosed complex regional pain syndrome. She referred Mr. Campbell to a pain clinic. Mr. Campbell treated with the Center for Pain Relief, which requested authorization for a trial spinal cord stimulator to treat causalgia of the left lower limb on February 23, 2018. A March 26, 2018, treatment note by Mr. Tolentino indicates the diagnosis remained complex regional pain syndrome. Mr. Tolentino requested authorization for a left lumbar sympathetic block to treat causalgia of the left leg. He also requested authorization of a spinal cord stimulator trial.

On March 27, 2018, in three separate decisions, the claims administrator denied a request for aquatic therapy, denied a request for a trial spinal cord stimulator, and denied a request for a comprehensive evaluation as well as a second opinion on a neurostimulator. On April 13, 2018, Mr. Campbell returned to Dr. Deer. The diagnosis remained complex regional pain syndrome. On examination, Mr. Campbell had increased swelling, blue coloration and coldness in the left ankle as well as pain and limited mobility. Dr. Deer opined that Mr. Campbell's complex regional pain syndrome had progressively worsened.

Dr. Deer stated in an April 24, 2018, letter that Mr. Campbell developed complex regional pain syndrome as a result of his compensable injury. Dr. Deer stated that the condition was stable but had recently begun to worsen. Dr. Deer opined that Mr. Campbell had an 80% chance of sustained relief with a spinal cord stimulator. He stated that such treatment was directly related to the compensable injury. The claims administrator denied a request for a lumbar sympathetic block on May 3, 2018.

In a July 23, 2018, supplemental report, Dr. Mukkamala stated that he disagreed with Dr. Guberman's evaluation findings. He noted that Dr. Jin found Mr. Campbell to be at maximum medical improvement in her evaluation, and in his own evaluation, Dr. Mukkamala also found that Mr. Campbell had reached maximum improvement. Therefore, Dr. Mukkamala reasoned that Mr. Campbell's condition had remained steady. Dr. Mukkamala opined that Dr. Guberman's report was unreliable and that his impairment assessment was inaccurate and invalid. Dr. Mukkamala noted that neither he nor Dr. Jin found impairment for the left toes.

In a July 31, 2018, supplemental report, Dr. Jin stated that Dr. Guberman rated impairment for Mr. Campbell's left toes, which were uninjured, and failed to compare the measurements to the right foot toes. She asserted that there should be no permanent impairment due to an ankle fracture. Lastly, Dr. Jin opined that the criteria Dr. Guberman used to rate neurological impairment was based on a peripheral nerve injury, a non-compensable condition. Dr. Jin found no evidence of peripheral nerve injury in this case.

In its November 16, 2018, Order, the Office of Judges affirmed the claims administrator's decisions granting a 4% permanent partial disability award, denying a request for aquatic therapy, denying a request for a trial spinal cord stimulator, denying a request for a comprehensive evaluation as well as a second opinion regarding a neurostimulator, and denying a request for a lumbar sympathetic block. Regarding permanent partial disability, the Office of Judges found that the primary differences between the reports of Drs. Mukkamala, Jin, and Guberman were that Dr. Guberman included impairment for the toes and saphenous nerve. The Office of Judges found no indication either was injured as a result of the compensable injury, nor have they been held compensable. The Office of Judges relied on the report of Dr. Jin, who opined that there was no direct trauma to the toes, and the range of motion measurements were not compared to the right side. The Office of Judges concluded that Mr. Campbell was properly awarded 4% impairment for his compensable injury.

3

Regarding the requested medical treatment, the Office of Judges determined that the medical evidence indicates Mr. Campbell reached maximum medical improvement for his compensable injuries. The Office of Judges found the requested medical treatment to be unreasonable given that he was treated for four years without any significant improvement in his condition. The Office of Judges found that Mr. Campbell's treatment at this point was excessive. The Office of Judges noted that it previously denied authorization of a spinal cord stimulator and a psychological evaluation. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates that Mr. Campbell sustained 4% permanent impairment as a result of his compensable injury. The report of Dr. Guberman is unreliable as it addresses non-compensable conditions and does not correlate with the remainder of the evidence of record. The requested medical benefits were also properly denied as they are unnecessary treatment for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison